## G. S. SISNEY v. STATE.

No. A-4142.  Opinion Filed Jan. 16, 1923.
(211 Pac. 525.)

(Syllabus.)

**Appeal and Error—Prosecution Abated on Death of Accused.—**In a criminal action, the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death.

Appeal from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

G. S. Sisney was convicted of destroying a building with explosives, and he appeals. Remanded, with directions to abate.

P. A. Gavin, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J.  Plaintiff in error, G. S. Sisney, was tried and convicted on an information charging the destruction of a building with explosives, and his punishment fixed at three years in the penitentiary. From the judgment rendered on the verdict, an appeal by case-made was perfected by filing in this court on December 5, 1921, a petition in error with case-made.

Since the appeal was taken and before the final submission of the cause suggestion of the death of the plaintiff in error has been made, and his counsel of record for this reason filed a motion to abate, stating that plaintiff in error died in Muskogee on the 6th day of January, 1923.

In a criminal action, the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death. It is therefore considered and adjudged that the proceedings in the above-entitled cause, and especially

under the judgment therein rendered, do abate. It is so order-ed, and the cause, remanded to the district court of Muskogee county, with direction to enter its appropriate order to that effect.

MATSON, P. J., and BESSEY, J., concur.